MARGARET J. McNEIL *vs.* TIMOTHY LYONS.

PROVIDENCE—MARCH 7, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *New Trial. Duty of Court after Repeated Concurring Verdicts.*

After three concurring verdicts for a plaintiff the court must assume, even though it may not be satisfied, that the verdict is not against the evidence. *Burnham* v. *N. Y. R. R. Co.*, 17 R. I. 544, distinguished.

TRESPASS ON THE CASE for negligence. The case was tried four times to a jury. The jury upon the first trial disagreed. Upon the second trial a verdict was rendered for the plaintiff for $1,000. The verdict was set aside upon the ground that the damages were inadequate in view of the plaintiff's injuries. Upon the third trial a verdict was rendered for the plaintiff for $4,000. This verdict was set aside upon the ground that it was against the evidence upon the issue as to the ownership of the boards over which the plaintiff fell. Upon the fourth trial a verdict was rendered for the plaintiff for $4,500. Heard on petition of defendant for a new trial. New trial denied.

For previous opinion in this case see 20 R. I. 672. See also rescript Ex. No. 2585.

(1)　　PER CURIAM. In view of three concurring verdicts for the

plaintiff, the court must assume, even though it may not be satisfied, that the verdict is not against the evidence.

In *Burnham* v. *N. Y.*, *N. H. & H. R. R.*, 17 R. I. 544, and 18 R. I. 494, this court set aside three concurring verdicts, but for reasons which do not apply to this case. In that case, in the opinion of the majority of the court, it conclusively appeared that the engine which Burnham was running, comparing its admitted rate of speed and the distance to be covered, must have been beyond the electric signal, so that he could have seen it if he had been looking. In this case there is no such degree of certainty.

No exceptions are urged, and the only question of law which the defendant presents is one based upon a finding of the fact that the defendant did not know, or have reason to know, that his lumber was piled on private land. Evidently the jury did not so find.

Upon the testimony the damages do not appear to be excessive.

Petition denied, and case remitted.

*John W. Hogan*, for plaintiff.

*Edwards & Angell*, for defendant.